# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JEREMY STOCKSTILL**                                              **PLAINTIFF**

v.                                                      **CAUSE NO. 1:16CV4-LG-RHW**

**CITY OF PICAYUNE; BRYAN
DAWSEY in his official capacity as
Chief of Police for the City of
Picayune Police Department; and
CHAD PRESTRIDGE, individually
and in his official capacity as
Patrol Officer for the City of
Picayune Police Department**                            **DEFENDANTS**

## ORDER GRANTING MOTION FOR ATTORNEY'S FEES AND EXPENSES

**BEFORE THE COURT** is the Motion for Attorney's Fees and Expenses [61] filed by the plaintiff Jeremy Stockstill. He seeks an award of $170,927.50 in attorney's fees, and $6081.51 in expenses. The defendants — City of Picayune and Chad Prestridge (collectively referred to as "Picayune") — have filed a response asking the Court to award $10,000 in fees and expenses, at most. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion for Attorney's Fees and Expenses should be granted to the extent that $36,521.25 in attorney's fees are awarded and $6081.51 in expenses are awarded.

## BACKGROUND

In this lawsuit, Stockstill claimed that the defendants violated his constitutional rights to freedom of speech and due process when they stopped him from using voice amplification and handing out religious tracts at the Picayune

Street Festival on March 28, 2015. In a Memorandum Opinion and Order entered on July 18, 2017, this Court dismissed Stockstill's claims against Officer Prestridge and Chief Dawsey in their official capacities with prejudice. (Mem. Op. & Order, ECF No. 57). The Court also dismissed portions of Stockstill's due process and freedom of speech claims. (*Id.*) In August 2017, the parties entered into a Settlement Agreement in which Picayune agreed to permit Stockstill to distribute literature within a specified area at the Festival, and Stockstill agreed to avoid distributing literature outside of the designated area. (Pl.'s Mot., Ex. G at 1, ECF No. 7). Stockstill agreed to dismissal with prejudice of all claims filed in this lawsuit. (*Id.* at 2). The parties also agreed that:

> Plaintiff's counsel may submit a request for attorney's fees and costs to the District Court, and Defendants may respond in opposition. The District Court shall determine what constitutes a reasonable amount of costs and fees. The parties do not dispute that Plaintiff's counsel is entitled to some amount of fees, but they do dispute what amount is reasonable and what efforts by Plaintiff's counsel are compensable. In his requests for fees and costs, Plaintiff's counsel agrees not to seek reimbursement for more than 10 hours in preparing his request for fees and costs. Defendants do not agree that Plaintiff's counsel is entitled to any fees or costs related to Plaintiff's counsel's request, but Defendants agree that Plaintiff's counsel shall request no more than 10 hours for preparing the request.

(*Id.* at 2). Stockstill filed the present Motion seeking $170,927.50 in attorney's fees, and $6081.51 in expenses.

# DISCUSSION

## I. WHETHER STOCKSTILL IS ENTITLED TO ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 1988

While Picayune does not dispute that Stockstill's attorney is entitled to an award of fees, it argues that the award of fee should be governed by state law. Stockstill counters that 42 U.S.C. § 1988 governs the award. Nevertheless, it is not necessary to reach a conclusion on this issue, as the method of calculating reasonable attorney's fees under Mississippi law and under federal law is essentially the same. *Compare Combs v. City of Huntington, Tex.*, 829 F.3d 388, 391-92 (5th Cir. 2016) *with Tupelo Redevelopment Agency v. Gray Corp., Inc.*, 972 So. 2d 495, 520-523 (Miss. 2007). Both the Mississippi courts and the federal courts utilize a two-part analysis, first calculating the lodestar and then evaluating the reasonableness of the lodestar by considering several factors. *See id.* The federal courts analyze the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and the Mississippi courts consider the factors set forth in *McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982), and Miss. R. Prof. Conduct 1.5(a). *See id.* The only factor that is considered by the federal courts but not considered by the Mississippi courts "in some shape, form[,] or fashion, is the undesirability of the case." *Id.* at 521 (¶79). For the sake of simplicity, this Court will cite federal authority while analyzing the reasonableness of the fees sought by Stockstill.

## II. THE LODESTAR

To calculate the lodestar, the court first multiplies the reasonable number of hours spent working on the case by the reasonable hourly rate for the attorney to determine the lodestar figure. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013).

### A. REASONABLE HOURLY RATE

In this litigation, Stockstill was represented by Nathan W. Kellum and M. Anthony Mangini of the Center for Religious Expression, a non-profit law firm located in Memphis, Tennessee. Mr. Kellum has testified that he has approximately twenty-nine years of experience. (Pl.'s Mot., Ex. A, ECF No. 61-1). His practice focuses on civil rights litigation, including cases pertaining to free speech and religious liberty. (*Id.*) Mr. Kellum seeks approval of an hourly rate of $375 for his work representing Stockstill. (*Id.*) Mr. Mangini has testified that he has three years of experience, and the focus of his practice is freedom of speech and religious liberty litigation. (Pl.'s Mot., Ex. B, ECF No. 61-2). He seeks an hourly rate of $175 per hour for his representation of Stockstill. (*Id.*)

Stockstill has produced an affidavit signed by Scott Newton, an attorney who practices in Jackson, Mississippi, in the area of government investigations and litigation. (Pl.'s Mot., Ex. D, ECF No. 61-4). He has approximately twenty-six years of experience. (*Id.*) Mr. Newton testified that $375 per hour is a reasonable rate for an attorney with the skill and experience of Mr. Kellum. (*Id.*) He also testified that $175 is a reasonable rate for an attorney with the experience of Mr. Mangini. (*Id.*)

Stockstill also relies on an affidavit signed by Stephen M. Crampton of Crampton Legal Services is Tupelo, Mississippi. (Pl.'s Mot., Ex. E, ECF No. 61-5). Mr. Crampton's practice has focused on constitutional law for the past twenty-four years. (*Id.*) He testified that his usual hourly rate for First Amendment cases in the Northern and Southern Districts of Mississippi is $425 per hour. (*Id.*) He opined that the hourly rates sought by Mr. Kellum and Mr. Mangini are reasonable for attorneys in the Southern District of Mississippi with similar skill and experience. (*Id.*)

Picayune disputes the reasonableness of the hourly rates sought by Mr. Kellum and Mr. Mangini. It has produced an affidavit signed by Haley N. Broom, who has practiced in the area of civil rights defense litigation in Gulfport, Mississippi for approximately twelve years. (Def.'s Resp., Ex. A, ECF No. 64-1). She testified that her hourly rate for representing governmental entities in Section 1983 cases is $150, and she opined that $150 per hour is consistent with the prevailing market rate for Section 1983 defense litigation in the Southern District of Mississippi. (*Id.*)

Picayune also relies on an affidavit signed by J. Lawson Hester, who has over twenty-eight years of litigation experience. (Def.'s Mot., Ex. B, ECF No. 64-2). Mr. Hester has regularly handled civil rights and governmental liability cases for over twenty-five years, and he has handled a large number of cases in the Northern and Southern Districts of Mississippi. (*Id.*) He testified that he typically bills his clients

$200 per hour, and less experienced associates typically bill $155 to $175 per hour. (*Id.*)

"[T]he relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Id.* In addition, "trial courts are considered experts as to the reasonableness of attorney's fees." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 32004). This Court has previously approved an hourly rate of $225 per hour in a civil rights case. *Nobach v. Woodland Vill. Nursing Home Ctr.*, No. 1:11cv346-HSO-RHW, 2013 WL 2145738, at *4 (S.D. Miss. May 15, 2013 Considering the nature of this case – a relatively simple freedom of speech case – and the experience of Mr. Kellum and Mr. Mangini, the Court finds that a rate of $225 per hour is appropriate for Mr. Kellum and a rate of $150 is appropriate for Mr. Mangini.

### B. REASONABLE NUMBER OF HOURS SPENT WORKING ON THE CASE

Mr. Kellum and Mr. Mangini reviewed their billing statement and voluntarily excluded all time for communications between Mr. Kellum and Mr. Mangini, as well as time that they viewed as redundant or excessive. They also reduced all travel time by fifty percent and eliminated time spent on tasks that could have been performed by a legal assistant. After these deductions, which total 83.7 hours, Mr. Kellum billed 413.2 hours and Mr. Mangini billed 91.3 hours.

The Court has reviewed the time statement submitted by these attorneys and finds that additional deductions are warranted. Specifically, the Court finds that excessive time was spent drafting pleadings in this case. One reason for these deductions is that the work performed earlier in the case should have shortened the time necessary for drafting subsequent pleadings, particularly since most of the pleadings concerned the same facts and issues. The following reductions constitute the Court's best estimate of the amount of time that should have required to draft pleadings and conduct other work on the case, given Mr. Kellum's extensive First Amendment experience.

First, Mr. Kellum billed 24.7 hours and Mr. Mangini billed 3.8 hours for drafting and editing the Complaint. This time is excessive, particularly since it does not include legal research, file review, investigations, and preparation of exhibits to the Complaint. Mr. Kellum's time preparing the Complaint is reduced by 15.7 hours, and Mr. Mangini's time is reduced by 2.8 hours.

Mr. Kellum billed 24.8 hours for drafting the Motion for Preliminary Injunction and supporting Memorandum. This time is reduced by 12 hours. Mr. Kellum also billed 55.1 hours and Mr. Mangini billed 11.5 hours for preparing Stockstill's appellate brief. Mr. Kellum's time preparing the brief is reduced by thirty hours and Mr. Mangini's time is reduced by four hours.

Mr. Mangini spent 1.5 hours and Mr. Kellum spent 1.2 hours preparing a Motion to Accept Record Excerpts as Filed. This Motion, which was filed with the Fifth Circuit on April 15, 2016, was unopposed and the substance of the Motion

totaled just over two pages.  Therefore, Mr. Kellum's time is reduced by 0.6 hours and Mr. Mangini's time is reduced by 0.5 hours.  Mr. Kellum also billed 38.9 hours for drafting Stockstill's Reply on appeal in addition to the 1.7 hours billed by Mr. Mangini.  Mr. Kellum's time is further reduced by twenty hours.  A reduction of Mr. Mangini's time for preparation of the appellate Reply is not warranted.

Kellum spent 19.2 hours preparing for oral argument before the Fifth Circuit.  This time is reduced by seven hours.  Mr. Kellum billed 6.2 hours and Mr. Mangini spent billed 4.2 hours investigating and reviewing notes concerning the Picayune Street Festival in November 2016.  Mr. Kellum's time and Mr. Mangini's time are each reduced by two hours for this work.

Mr. Kellum billed 24.9 hours for preparing Stockstill's second affidavit.  Although this was a thorough, twenty-page affidavit, a reduction of ten hours is warranted.  Mr. Kellum also billed 38.7 hours and Mr. Mangini billed 8.3 hours for preparation of Stockstill's Motion for Summary Judgment and supporting Memorandum.  This was in addition to 5.5 hours billed by Mr. Kellum and 13.7 hours billed by Mr. Mangini for preparation of exhibits to the Motion and Memorandum.  Mr. Kellum's time concerning the Motion for Summary Judgment is reduced by twenty-two hours, and Mr. Mangini's time is reduced by ten hours.  Mr. Kellum billed 33.3 hours and Mr. Mangini billed 5.1 hours for drafting Stockstill's Response to Picayune's Motion for Summary Judgment.  Mr. Kellum's time is reduced by twelve hours and Mr. Mangini's is reduced by two hours.

Finally, a conservative calculation of the time spent preparing Stockstill's Motion for Attorney's Fees reveals that 14.7 hours were billed, but the parties had agreed that Stockstill would only bill ten hours for this Motion.[1] The Court will eliminate all of the time Mr. Mangini spent on the Motion, which was 2.3 hours. The Court will also reduce Mr. Kellum's time by 2.4 hours to reach the ten-hour maximum agreed upon by the parties.[2]

In summary, Mr. Kellum's time is reduced from 413.2 hours to 279.5 hours. Considering the $225 hourly rate this Court has approved for Mr. Kellum, $62,887.50 is the lodestar for Mr. Kellum's work on the case. Mr. Mangini's time is reduced from 91.3 hours to 67.7 hours. The Court approved an hourly rate of $150 for Mr. Mangini, resulting in a lodestar of $10,155. The total lodestar is $73,042.50.

## III. *JOHNSON* FACTORS

"There is a strong presumption of the reasonableness of the lodestar amount." *Black*, 732 F.3d at 502. However, the court must consider the *Johnson* factors to determine whether the lodestar figure should be adjusted upward or

---

[1] Stockstill and Mr. Kellum signed the Settlement Agreement on August 25, 2017. Although some of the research and calculations Stockstill's attorney's performed prior to that date arguably could have been used when drafting the Motion for Attorney's Fees, the Court only considered work concerning attorney's fees that was performed on or after August 25, 2017, when calculating the amount of time spent on the Motion.

[2] The Court recognizes that Picayune did not agree that Stockstill could bill ten hours for preparation of the Motion for Attorney's Fees. Contrary to Picayune's assertions, the Court finds that Stockstill should be awarded attorney's fees for preparation of the Motion.

downward. *Strong v. Bellsouth Telecomm., Inc.*, 137 F.3d 844, 850 (5th Cir. 1998).

These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717-19. The most important factor is the degree of the success obtained. *Black*, 732 F.3d at 503. The Court "must be careful, however, not to double count a *Johnson* factor already considered in calculating the lodestar when it determines the necessary adjustments." *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993).

The Court finds that the only *Johnson* factor that impacts the lodestar in this case is the degree of success obtained. The United States Supreme Court has explained:

> If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith.

*Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

In this lawsuit, Stockstill claimed that he should have been permitted to distribute religious tracts and use voice amplification at the Picayune Festival without paying for a booth. As a result of the settlement, he will now be permitted

to hand out religious tracts at an agreed-upon location during the Festival without having to rent a booth. However, he will not be permitted to use voice amplification. Furthermore, Stockstill's Motion for Preliminary Injunction, his appeal of the denial of that Motion, and Stockstill's Motion for Summary Judgment were all denied. Taking all of this into consideration, the Court finds that the lodestar should be reduced by fifty percent, leaving an attorney's fee award of $36,521.25. This is a reasonable fee, particularly since no discovery was conducted in this case.

## IV. STOCKSTILL'S REQUEST FOR EXPENSES

Stockstill seeks $6081.51 in expenses. He seeks $905 for filing fees, $4.41 for postage, $309 for a process server, $273.06 for express shipping expenses, $40 for DVD expenses, $326.68 for Westlaw, $233.70 for copies, $446.20 for transcripts, and $3543.46 for travel. The Court finds that these expenses are reasonable and were necessary for this litigation.

## CONCLUSION

For the foregoing reasons, the Court finds that Stockstill is entitled to $36,521.25 in attorney's fees and $6081.51 in expenses. To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter this result. [3]

---

[3] There has been a suggestion by Defendant that counsel for Stockstill may actively recruit their clients.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Attorney's Fees and Expenses [61] filed by the plaintiff Jeremy Stockstill is **GRANTED** to the extent that $36,521.25 in attorney's fees are awarded and $6081.51 in expenses are awarded.

**SO ORDERED AND ADJUDGED** this the 11th day of December, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE